■ Hamper Ohanian, Respondent, v. Marmine Ohanian, Defendant, and Troy Savings Bank, Appellant.— Reynolds, J. Appeal from a judgment of the Supreme Court, County of Rensselaer, in favor of respondent against appellant in the amount of $3,390.81, plus interest and costs, after trial without a jury. It is undisputed that on January 20, 1964, respondent's wife, Marmine Ohanian, withdrew the entire amount deposited in their joint account with appellant and immediately redeposited the same in a new account with appellant in her own name alone. On the same day, appellant was served by respondent with a "Notice to Impress a Trust" with respect to the new account, and summonses and complaints were served on both Marmine and appellant. On January 27, 1964 Marmine withdrew the entire amount from the new account. The trial court found that the withdrawal and redeposit in the same bank did not effect a severance of the joint tenancy, and thus

since appellant had notice of respondent's contentions at the time it paid out the full amount to Marmine on January 27, it was liable to respondent for one half of the amount deposited. Such a decision would clearly be correct if subdivision 3 of section 239 of the Banking Law were applicable here. However, subdivision 3 applies only to joint accounts, and though as between Marmine and respondent, the two owners, the withdrawal and redeposit did not destroy joint ownership (*Matter of Klenk*, 165 App. Div. 917, affd. 214 N. Y. 715; *O'Connor* v. *Dunnigan*, 158 App. Div. 334, affd. 213 N. Y. 676; 5 N. Y. Jur., Banks and Trust Companies, § 241), as to appellant the new account was a single ownership account (cf. Banking Law, § 239, subds. 3, 5). Subdivision 3 is not, therefore, controlling and under subdivision 5 appellant was not mandated to recognize an "adverse claim" unless it was accompanied by a court order or a bond which was concededly not the case here. Nevertheless, we find raised by the record factual questions to whether appellant waived or, perhaps, should be estopped from asserting the requirements afforded for its protection by subdivision 5 which were left unanswered by the trial court and which cannot be determined on this appeal. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.